UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

C.A. No. 2:26-cv-4324-BHH-MGB

| | |
|---|---|
| Dion Davis<br><br>Plaintiff,<br><br>v.<br><br>Charleston County School District, Carolyn Anderson, in her individual capacity, and Jennifer Coker, in her individual capacity,<br><br>Defendants. | **COMPLAINT**<br>(Jury Trial Requested) |

The Plaintiff, Dion Davis, complaining of the above named Defendants, would respectfully show unto this Honorable Court, the following:

## I. PARTIES, JURISDICTION, AND VENUE

1. The Plaintiff, Dion L. Davis is a resident and citizen of the town of James Island, County of Charleston and State of South Carolina.

2. The Defendant, Charleston County School District (herein after referred to as "District") is a subdivision of the State of South Carolina. located in Charleston County, State of South Carolina.

3. Upon information and belief, the Defendant Carolyn Anderson (herein after referred to as "Anderson") is a citizen and resident of Berkeley, State of South Carolina.

4. Upon information and belief, the Defendant Jennifer Coker (herein after referred to as "Coker") is a citizen and resident of Berkely County, State of South Carolina.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1343,

because this action is based on 42 U.S.C. § 1981 and 2000(e)2 *et. seq.* and Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act (ADA), 42 U.S.C. Section 12101 et. seq, as amended, the 14th Amendment to the Constitution of the United States of America, and Title 9 the United States code 20 U.S.C. § 1681-1688.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Defendants are are all, and each of them, situated in, or reside in, the Charleston Judicial Division of the United States District Court for the District of South Carolina, and the alleged unlawful and/or wrongful acts giving rise to the Plaintiff's claims were committed within the geographic boundaries of the Charleston Judicial Division of the United States District Court, District of South Carolina.

## II. FACTS

7. The Plaintiff, a black male, now age 54, date of birth of November 13, 1971, was hired by and began his employment with the Defendant, Charleston County School District as a "Student Concern Specialist" in August of 2005.

8. That the Defendant, "District" is a public school district, operating at all times relevant hereto, approximately 85 schools and specialized programs, including alternative programs, within the confines of Charleston County, State of South Carolina, and employing approximately 6,500 total employees within Charleston County, State of South Carolina, and an annual budget in excess of 618.3 million general operating budget in the 2021-2022 school year, and is now over 965 million in it's general operating budget, and receives federal financial assistance from the United States Government.

9. That at all times relevant hereto, the Septima P. Clarke Corporate Academy was and is a

school operated by the Department of Alternative Programs of the Defendant District and is located at 1929 Grimball Road, on James Island, Charleston County, State of South Carolina.

10. At all times relevant hereto, the Defendant "Coker" was the Executive Director of Alternative Programs operating by and within the District, including the Septima P. Clark Academy, and was in charge of student discipline for all students in the District, was the Supervisor of the Defendant "Anderson", was a high level Administrator in the Defendant District and was acting at all times within the course and scope of her employment with the Defendant District as a high level Administrator.

11. That on or about May 5, 2008, while the Plaintiff was working and employed as a Student Concern Specialists at West Ashley High School, a student who had previously, threatened to "Fuck me up once and for all", grabbed a sledge hammer and swung it violently towards the Plaintiff, and then subsequently assaulted the Plaintiff.

12. That the incident of May 5, 2008, described above resulted in the Plaintiff developing "situationally anxiety" and on August 22, 2008, the Plaintiff's treating physician, Dr. Jennifer Nelson of James Island Medical Care wrote a letter to Susan Holliday, then Executive Director of Human Resources, of the Defendant District, and a high ranking level Administrator of the Defendant District, that the Plaintiff was able to return to work as Student Concern Specialist and was able to "take initiative to resolve conflicts between students and between student and staff" but not be involved in "physical confrontation" and that "Mr. Davis" rely on "uniformed police officers on campus to physically break up an altercation" and that the Plaintiff return to work on or about the beginning of the following school year 2008-2009 in August of 2008 with the Plaintiff's

new employment conditions of not being required, expected or to be involved in physically breaking up any altercations, involving students, with the same title as Student Concern Specialist.

13. That the medical letter described in paragraph 12, above, written by the Plaintiff's treating physician, Dr. Jennifer Nelson of James Island Medical Care was received by the "Human Resources- Employee Relations" Department of the Defendant District, on August 26, 2008, acknowledging as being received by Defendant District on August 26, 2008 and physically stamped as being received by the "Human Resources – Employee Relations" Department of the Defendant District on August 26, 2008.

14. That the Plaintiff continued to work as a Student Concern Specialists with the Defendant District from August 2008 with the acknowledged limitations of not being involved in "physically breaking up altercations" at West Ashley High School within the Defendant District until the Plaintiff began working as the Student Concern Specialist at Septima P. Clark Academy in August 2010 to start the academic school year 2010-2011, and continued to work as the Student Concern Specialist at Septima P. Clark Academy with the accommodations of not being involved or expected to participate in braking up physical altercations, to accommodate the Plaintiff's recognized and acknowledged medical diagnosis of "situational anxiety" until the Defendant Anderson became the Interim Principal at the Septima P. Clark Academy in September 2021.

15. That the Defendant Anderson became the Interim Principal of the Septima P. Clark Academy in September of 2021 and served as the Interim Principal until April 22, 2022 at which time, the Defendant Anderson made a public announcement that the Defendant District was "proud to announce" the Defendant Anderson as the Permanent Principal of

Septima P. Clark Academy.

16. That on August 19, 2008, Susan Holiday, the Executive Director of the Human Resources for the Defendant District, and a high Administrator of the Defendant District, acting within the course of and scope of her employment with the Defendant District and with both the real and apparent authority of her position as the Executive Director of Human Resources for the Defendant District, specifically wrote and acknowledged in a letter she wrote to the Plaintiff treating physician and which she personally signed and dated August 19, 2008 as the Executive Director of Human Resources for the Defendant that

> ***". . . Mr. Davis is medically cleared to return to work with the recommendation that he not become involved in breaking up physical confrontations between students or students and staff".***

17. That at all times relevant hereto, the Defendant Anderson was trained in and was certified by the Defendant District as a "Sexual Harassment Complaint Manager" and received "Certification of Completion" by the Defendant District as having completed a training program on "Sexual Harassment – Staff to Staff" (Full Course) on October 4, 2020 and again on September 5, 2021.

18. That from September 2021 through April 26, 2022 the Defendant Anderson was the direct Supervisor of the Plaintiff, and Defendant Coker was the direct supervisor of the Defendant Anderson.

19. That during the time period September 2021 through April 26, 2022, the Plaintiff was sexually harassed by the Defendant Anderson, being subjected to unwanted physical touching, sexual comments and gestures from the Defendant Anderson, including being

kissed by the Defendant Anderson, being given unsolicited and unwanted details from the Defendant Anderson about her sex life with her husband, frequently being told by the Defendant Anderson about her physical features in a sexual and lewd way, and sent text messages from the Defendant Anderson's personal phone, all of which was humiliating, unsettling and abusive to the Plaintiff as the Plaintiff was a married man, a known fact to the Defendant Anderson, and all of which was unsolicited, unwanted and greatly offensive to the Plaintiff, causing him great embarrassment, shame and increase in his "situational anxiety" to the level of Depression.

20. That during the time the Defendant Anderson was the Plaintiff's Supervisor, the Plaintiff was subjected to frequent racial name calling, being called the N-word by students daily in front of the Defendant Anderson, who by her actions, inactions, omissions and behavior encouraged the students to racially harass the Plaintiff by her hearing the racial name calling and just accepting it as the expected behavior of those students and doing nothing to stop it, lessen it or respond to it.

21. That during the time period that the Defendant Anderson was the Supervisor and Principal of the Plaintiff, and was the CEO and top Administrator in charge of student discipline on the campus of the Septima P. Clark Academy, the students there personally observed and noticed that they were allowed to racially comment and call African-American employees the N-word without repercussions of any kind, and by being able to do so in front of and in close proximity to the Principal of their school, encouraged them to continue to call the Plaintiff and other employees the N-word, a situation that greatly distressed the Plaintiff and caused his "situational anxiety" to greatly increase.

22. That during the time above stated when the Plaintiff did not respond to the sexual advances of the Defendant Anderson the Defendant Anderson retaliated by taking his computer away and told other staff members to ignore the Plaintiff and reprimanded the Plaintiff and warned the Plaintiff he would be fired if he wasn't careful, and sent the Plaintiff a text wanting to come to his house.

23. That during the time as above stated when the Plaintiff was employed as a Student Concern Specialist and the Defendant Anderson was his supervisor, the Defendant Anderson refused to acknowledge his accommodation of not being involved in physically breaking up fights and humiliated him, ridiculed him, subjecting him to derogatory comments, and subjecting him to several disciplinary actions for him not physically intervening in fights, thereby violating his accommodations for his medical condition of "situational anxiety" and then retaliating against for not getting physically involved in breaking up fights, through her actions and words, thereby directly causing the Plaintiff's "situational anxiety" to progress to **Post Traumatic Stress Disorder, Depression and Panic Attacks, Insomnia**, and aggravation of high blood pressure and racing heart beat.

24. That at all times relevant hereto, while the Defendant Anderson was the Plaintiff's Supervisor, the Defendant Coker was the Defendant Anderson's Supervisor and protected Defendant Anderson from repercussions from her actions and inactions while Principal despite knowing or reasonably should have known of the actions and inactions of the Defendant Anderson while Principal of the Septima P. Clark Academy, even helping and advising the promotions of the Defendant Anderson from being Interim Principal to being Permanent Principal of the Septima P Clark Academy, and

interfering and disrupting the investigation of wrong doing by the Defendant Anderson, and ignoring the Complaints to her by the Plaintiff of the Defendant Anderson's harassment of him.

25. That during the time period set forth above, while the Defendant Anderson was acting Principal of the Septima P. Clark Academy, the Defendant Anderson told her employer that "Coker loves her" and there was nothing anyone could do about her (the Defendant Anderson's behavior).

26. That the Defendant Coker failed to adequately manage or control the actions and inactions of the Defendant Anderson as Principal of the Septima P. Clark Academy.

27. That the Defendant Coker facilitated and allowed the Defendant Anderson to run Septima P. Clark Academy the way she did with regard to students using racial slurs against employees of the Septima P. Clark Academy, including against the Plaintiff, because the Defendant Coker does not find racial slurs personally offensive to her and believed that the students use racial slurs because of what is happening to them and not because of hostility to employees, and that because the Defendant Coker was the highest Administrator in charge of student discipline this became the Defendant District's Policy towards the use of racial cursing and slurs against employees of the Defendant District during the time period that Defendant Coker was in charge of student discipline for the Defendant District.

28. That the Defendant Coker knew, in her capacity as head of student discipline for the Defendant District that racial and sexual slurs were frequent occurrences in most of the secondary schools of the Defendant District during the time that the Plaintiff was also subjected to racial slurs at Septima P. Clark Academy, and the Defendant Coker ignored

the problem and or was consciously indifferent to it.

29. That the racial slurs that students frequently called him while working at Septima P. Clark Academy while the Defendant Anderson was his Principal, including the frequent use of the N-word was unwelcome, based on his race as he was an African-American man, sufficiently severe or pervasive to alter the conditions of his employment and created an abusive working environment to him as a middle-aged African-American male, which should be reasonably imputed to the Defendants, by the acts and omissions of the Defendant Anderson and Coker as set forth above.

30. That the Defendant Anderson also facilitated the students use of racial slurs as a direct result of the students' hearing and observing the Defendant Anderson to use coarse words and profanity herself, and when the authority figure in charge of discipline at the school acts like that, it creates a situation which enables student to push the envelope and themselves feel free to use curse words, something that the Defendant's Anderson and Coker knew or reasonably should have known.

31. The Defendant District is a public body receiving Federal financial assistance and did so the entire time relevant hereto.

## III. FOR A FIRST CAUSE OF ACTION
## (Violation of Civil Rights 42 U.S.C. § 1981)

32. Plaintiff repeats and realleges all of the preceding paragraphs as if restated verbatim hereto.

33. That while acting under color of state law as agents of the Defendant District, the Defendant Anderson and Coker have discriminated against the Plaintiff by being consciously indifferent to and tolerating a racially hostile environment for the Plaintiff

to work in while employed at the Septima P. Clark Academy during school hours and on school grounds while the Plaintiff was legally entitled and in fact required to be there.

34. That the acts and omissions of the Defendants, and each of them were grossly negligent and reckless indifferent with regard to Plaintiff's constitutional and statutory rights to work in an environment not subjected to racial harassment during the time period the Plaintiff was employed at Septima P. Clark Academy and the Defendant Anderson was his Principal and Defendant Coker was in charge of student discipline for the entire Defendant District.

35. That as a direct result of the actions and inactions of the Defendants, and each of them, as stated above, and the grossly negligent and reckless disregard and indifference by the Defendants and each of them to the Plaintiff's constitutional and statutory right to work in an environment not subjected to racial harassment, the Plaintiff suffered actual and consequential damages, including adverse physical symptoms, psychological disturbances, symptoms of depression, increased anxiety, high blood pressure, stress and post traumatic stress requiring medical treatment and the incurring of medical expenses.

36. That the actions and omissions of the Defendant Anderson and Coker, and each of them, as set forth above, were the actions of Final Decision Makers and were the actions and omissions of high-ranking Administrators of the Defendant "District" regarding the conditions of employment of the Plaintiff at the Septima P. Clark Academy to the degree that their actions and omissions are those of the Defendant "District" for purposes of the Defendant "District's liability under 42 U.S.C. 1981 for

interfering with the Plaintiff's right to employment without being subject to racial harassment.

**FOR A SECOND CAUSE OF ACTION**
**(Violation of Civil Rights 42 U.S.C. 1983)**

37. The Plaintiff repeats and realleges the preceding paragraphs as if restated verbatim herein.

38. While acting under color of state law, the Defendants, and each of them, discriminated against the Plaintiff of the basis of her race and gender, in violation of his right to equal protection of rights provided for in the 14th Amendment to the Constitution of the United States of America, by subjecting the Plaintiff to a racially and sexually hostile work environment.

39. That while acting under color of state law, the Defendants, and each of them, have discriminated against the Plaintiff on the basis of his race and sex in violation of his right to work in an environment free of racial and sexual harassment.

40. The Defendants' actions and each of them, as above stated, were intentional, willful, malicious, and in reckless disregard of the Plaintiff's federally protected rights and Plaintiff is entitled to actual, consequential and compensatory damages as well as reasonable attorney fees and costs, under Section 42 U.S.C. §1983 against all Defendants, and punitive damages against the Defendants Anderson and Coker.

**FOR A THIRD CAUSE OF ACTION**
**(Violation of Title VII of the Civil Rights Act of 1964, as amended) Section 2000(e)**

41. Plaintiff repeats and realleges all of the preceding paragraphs as though restated verbatim herein.

42. Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C.§2000(e)2 prohibits

employment discrimination based on race, color, religion, sex and national origin, and under Title VII and employer may not discriminate against an employee with regard to any term, condition or privilege of employment.

43. The Defendant District and Defendants Anderson and Coker, as agents and high-ranking Administrators with final decision-making authority over the Plaintiff are employers covered by the provisions of Title VII of the Civil Rights Act of 1964, 42U.S.C.§2000(e)2, et. seq,

44. On or about July 1, 2026 the Plaintiff was emailed a "Notice of Right to Sue(Issued on Request)" from the United States Equal Employment Opportunity regarding the Plaintiff's charge of racial and sexual discrimination and the other allegations set forth in the Plaintiff's Charge of Discrimination dated 2-16-2022, including claims under Title VII 42 U.S.C.§2000(e)2, the Americans with Disability Act, Title 9 ad Retaliation for complaining about violations of each of those against the Defendant District for the time period September 2021 through April 26, 2022.

45. The Defendants' and each of them as above stated and repeated verbatim herein, caused the Plaintiff to work in an atmosphere of racial and sexual hostility, including frequent racial slurs by students, directed at him in front of and within the hearing of the Defendant Andrson and as enabled by the Defendant Coker, as explained above, and for unwelcome sexual touching and advances and sexual talk directed to the Plaintiff by his supervisor the Defendant Anderson as enabled by the Defendant Coker, as above stated, that was tolerated and not adequately addressed by the Defendant District.

46. That the racially and sexually hostile environment described above adversely affected

the terms and conditions of the Plaintiff's employment with the District and violated Plaintiff's rights under 42U.S.C.§2000(e).

47. As a direct and proximate result of the Defendant's conduct, and each of them, as described above in violation of 42U.S.C.§2000(e), and Title VII, the Plaintiff has suffered stress, anxiety, adverse physical symptoms, psychological disturbances, fear, elevated high blood pressure, Post-Traumatic Stress for which the Plaintiff had to seek medical treatment for, incur medical expenses and also time from work and retire early.

48. The actions and omissions of the Defendants, and each of them as described above were unlawful, knowing, and in reckless disregard and recklessly indifferent to Plaintiff's federally protected rights and Plaintiff is entitled to actual, consequential, compensatory damages, as well as attorney fees and cost under Title VII and 42U.S.C.§2000(e) against all of the Defendants, and punitive damages as well as against the Defendants Anderson and Coker.

**FOR A FOURTH CAUSE OF ACTION**
**(Violation of Title IX, 42U.S.C.§1681-1688)**

49. The Plaintiff repeats and realleges the preceding paragraphs as if restated verbatim herein.

50. 42U.S.C.§1681 (a) specifically states that "no person in the United States shall on the basis of sex, be excluded from participation in, be denied the benefits of or be subjected to discrimition under any education program or activity receiving federal financial assistance, and as stated above, while acting under color of state law the Defendants and each of them, excluded the Plaintiff from participation in, denied the Plaintiff the benefits of and subjected the Plaintiff to discrimination from working in

an education program, working as a Student Support Specialist at a Charleston County public school by subjecting him to unwelcome sexual advances, unwelcome sexual touching and kissing, unwelcome sexual details of Defendant Anderson's intimate sex life by the Plaintiff's Principal, the Defendant Anderson, making it different or impossible for the Plaintiff to continue working in that capacity, causing him to seek an early retirement, miss time from work, lose income, seek medical care and incur medical expenses.

51. The Defendants actions and omissions as above stated were done under color of state law with reckless indifference to the federally protected rights of the Plaintiff under Title IX, Section 42 U.S. C.§1681-1688, and entitles the Plaintiff to actual and consequential and compensatory benefits as well as attorney fees from all of the Defendants and each them, as well as punitive damages against the Defendants Anderson and Coker.

52. That the actions and omissions of Defendant Anderson and Coker, were the actions of final decision makers with the Defendant District and were the actions and omissions of high-ranking Administrators of the Defendant District regarding the condition of the Plaintiff's employment with the Defendant District so that the actions and omissions of the Defendant Anderson and Coker are those of the Defendant District for purposes of Liability under 42 U.S.C.§1681-1688.

**FOR A FIFTH CAUSE OF ACTION**
**(Violation of the Americans with Disabilities Act (ADA)**
**codified at 42U.S.C.§12101, Title I, 42U.S.C.§12111-12117)**

53. The Plaintiff repeats and realleges all of the preceding paragraphs as though restated

verbatim herein.

54. Title I of the Americans with Disabilities Act (ADA), as amended 42U.S.C.§12101 prohibit discrimination against individuals with disabilities, and the Defendants, and each of them, as set forth above, intentionally and or with reckless indifference, ignored the Plaintiff's diagnosis of "Situational Anxiety" that the Defendant District explicitly acknowledged as set forth above, that the Executive Director of Human Resources of the Defendant District returned the Plaintiff to work as a "Student Concern Specialists" with the accommodations that the Plaintiff not be required to be involved with or break up physical confrontations between students or students and staff, but instead harassed, mocked, ridiculed the Plaintiff, and tried to force the Plaintiff to ignore those prohibitions against getting involved and breaking up fights between students and students and staff, to the point where the Plaintiff suffered increased anxiety, stress, depression and accelerated his pre-existing condition that was the basis of his work accommodations to the point where the Plaintiff suffered Post-Traumatic Stress Disorder, had to seek medical care, incurred medical expenses, miss time from work, loss income, and contributed to his need to seek early retirement.

55. The Plaintiff was qualified to perform the essential functions of his job as a Student Concern Specialists since being given the accommodations of not getting involved in physical confrontations from the time he was given accommodations by the Defendant District in August of 2008 until the Defendant Anderson took adverse employment actions against the Plaintiff, while she was his Principal in harassing him, mocking him for not doing what his accommodations did not allow, and the

Defendant Anderson in taking away the Plaintiff's computer, reprimanding him and telling the other staff members to ignore him, acts which the Defendant Coker enabled by ignoring the Plaintiff's complaints.

56. That the acts and omissions of the Defendants' and each of them, as set forth above were done under the color of state law, and the acts and omissions of the Defendants Anderson and Coker were those of final decision makers of the Defendant District and were those of high Administrators of the Defendant District regarding the conditions of employment of the Plaintiff with the Defendant District, that their actions were those of the Defendant District for purposes of the Defendant District's liability under the Americans with Disability Act (ADA) Title 1 42U.S.C.§12111-12117.

57. That as a direct and proximate result of the Defendant's conduct, as above indicated, in violation of 42U.S.C.§12111-12117 et. seq, the Plaintiff is entitled to consequential, compensatory and actual damages for lost income, physical illness, medical treatment and expenses Post-Traumatic Stress, and attorney fees, as well as punitive damages against Defendant Anderson and Coker.

**FOR A SIX CAUSE OF ACTION**
**(Retaliation for bringing a Title VII claim under section 704(a) of Title VII of the Civil Rights Acts of 1964, 42U.S.C.§20009e) – 3a)**

58. The Plaintiff repeats and realleges the preceding paragraphs as if restated verbatim herein.

59. That Section 704(a) of Title VII of the Civil Rights Act of 1964, 42U.S.C.§2000(e)-3a makes it illegal for an employer to retaliate against an employee who opposed racial or sexual discrimition or filed a Title VII charge, and as set forth above, the

Defendant District, by and through the actions of the Defendants Anderson and Coker retaliated against the Plaintiff for opposing the racial and sexual discrimination against him.

60. That Defendant Anderson had the Plaintiff's computer access taken away from him, denied his accommodations for his "situational anxiety" and told the other staff to ignore him because he complained to the Defendant Anderson and to the Defendant Coker about the racial and sexual harassment he was experiencing and as a result of the Plaintiff's rejecting the sexual advances and physical actions of the Defendant Anderson in pursuant of her sexual advances to the Plaintiff, as well as being denied by the Defendant Anderson to be allowed to go to the school nurse after he was injured on the job, all of which contributed to loss of income for the Plaintiff, post-traumatic stress, increased anxiety and depression and contributed to the Plaintiff seeking early retirement.

61. That the Defendant Anderson would not have retaliated against him as above stated, if he not rejected her sexual advances and not complained, all which happened in close proximity, timewise while the Defendant Coker was the Plaintiff's Supervisor during the time period September and October of 2021.

62. That the acts and omissions of retaliation of the Defendant Anderson against the Plaintiff as above stated were the actions of final decision makers and high Administrative Officials of the Defendant District, were done under the color of state law, regarding the conditions of employment of the Plaintiff with the Defendant District and the Plaintiff is entitled to compensatory, consequential and punitive damages against the Defendant Anderson and Coker.

**FOR SEVENTH CAUSE OF ACTION**
**(Retaliation against the Plaintiff for complaining about violations of ADA (Americans with Disability Act of 1990, as amended and codified as 42U.S.C.§12203)**

63. The Plaintiff, repeats and realleges all of the preceding paragraphs as though restated verbatim herein.

64. Section 503 of the Americans with Disabilities Act of 1990, codified as 42U.S.C.§12203 explicitly protects individuals from retaliation, coercion, interference or intimidation when asserting their rights under the ADA, and the Defendant Anderson did retaliate, coerce, interfere or intimidate the Plaintiff for complaining to her about her refusing to acknowledge his accommodations of not intervening in physical confrontation with students, and the Defendant's Anderson attempted to coerce him into physically getting involved in breaking up fights between students and physical altercations between students and staff, and from preventing or intimidating the Plaintiff from seeking medical care from the school nurse, when the Defendant District knew and had documentation of the Plaintiff's Disability of "Situational Anxiety" and the job accommodations he had of not getting involved in physical altercations or breaking up fights and his need for mental health care and psychological distress when around violence, all of which caused the Plaintiff great distress, increased anxiety, contributed to Post-Traumatic Stress Disorder, made the Plaintiff seek medical care and incur medical expenses and miss time and pay from work.

65. The Plaintiff's accommodations acknowledged and received by the Defendant District of not having to be involved in physical altercations with student fights or breaking up fights is a form of protected activity and the Defendant Anderson

preventing or interfering with the Plaintiff's right to seek medical care with the school nurse after being hurt on the job is a mentally adverse action on the part of the Defendant Anderson as is the Defendant Anderson attempts to coerce the Plaintiff to diagnosed his accommodations based on his disability of "Situational Anxiety", as was the Defendant Anderson's intense micromanagement of the Plaintiff a form of adverse action against the Plaintiff because he refused to be coerced into going beyond his job accommodations, all of which happened in the time period of September and October of 2021 through April of 2022.

66. That the Plaintiff is entitled to compensatory, consequential and putative damages against the Defendant Anderson for retaliating against him as set forth above.

**FOR AN EIGHTH CAUSE OF ACTION**
**(Retaliation against the Plaintiff for complaining pursuant to 34 C.F.R.§106.71)**

67. Plaintiff repeats and realleges the preceding paragraphs as if restated verbatim herein.

68. 34 C.F.R.§106.71 prohibits retaliation against intimidation, coercions and discrimination against any individual who opposes practices made unlawful by Title IX, which is what happened to the Plaintiff for opposing the Defendant Anderson's sexual harassment of him and retaliation against him for opposing and rejecting the sexual advances and touching of him and kissing him as set forth above.

69. That the retaliation by the Defendant Anderson was done in her capacity as a final decision maker of the Defendant District, and were done under the color of state law, and the Plaintiff is entitled to actual, compensatory and consequential damages,

attorney fees and punitive damages against the Defendant Anderson for the stress, anxiety, acceleration of his 'situational anxiety" to Post-Traumatic Stress Disorder, depression, resulting in medical care, medical expenses and lost income as a direct result thereof.

WHEREFORE, having fully set forth her allegations against the Defendants, and each of them, the Plaintiff respectfully requests the following relief:

1. Compensatory damages for emotional trauma, mental anguish, and any physical symptoms of ill health, stress, anxiety, insomnia, change in his personality, medical expenses and income loss and his "Situational Anxiety" acceleration to Post-Traumatic Stress Disorder, all of which contributed to the Plaintiff seeking early retirement;
2. Actual damages against all of the Defendants;
3. Punitive damages against the Defendants "Rodgers" and "Coker";
4. Reasonable attorney fees and costs; and
5. For such other and further relief as this Court deems just and proper.

Plaintiff demands a Jury Trial.

KOBROVSKY LAW OFFICE, LLC

By/s/ *Lawrence C. Kobrovsky*
Lawrence C. Kobrovsky, Esquire
Federal Bar Number: 5294
SC Bar Number: 3592
198 Rutledge Ave., Suite 7
Charleston, SC 29402-1726
Telephone (843)853-3703
Facsimile (843)853-2331
kobrovskyl@bellsouth.net

September 28, 2026

Charleston, South Carolina